J-S23027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
CURTIS PALMORE :
:
Appellant : No. 517 EDA 2015

Appeal from the Judgment of Sentence Dated January 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012494-2012

BEFORE: OLSON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.: **FILED JULY 20, 2017**

Appellant, Curtis Palmore, appeals from the judgment of sentence

imposed after he was convicted of possessing a firearm while prohibited,

carrying a firearm without a license, and carrying a firearm in public in

Philadelphia.[1]  We affirm.

The trial court summarized the facts presented at trial as follows:

On July 7, 2012 on the 5500 block of Harmer Street in
Philadelphia, several members of the Howell family, who reside
on that block, were having a barbeque in celebration of a
birthday.  Also present at the party was [Appellant,] who at the
time was a close friend of one of the Howell family members who
lived on the block, Charnea Howell.  During the course of the
party, one of the members of the Howell family, Gregory, spilled
a tray of grease from the grill on [Appellant].  A cousin of

_____

[1] 18 Pa.C.S. §§ 6105, 6106 and 6108.  In addition to the firearms offenses,
Appellant was charged with aggravated assault and possessing an
instrument of crime, but was acquitted of those charges.  All of the charges
were tried before a jury except the first firearms offense (possession of a
firearm while prohibited); that one offense was tried before the trial court.

Charnea Howell, Nadirah Howell, offered to remedy the situation; however, [Appellant] began calling her offensive names which prompted Nadirah to throw her drink in [Appellant's] face. A scuffle ensued between [Appellant] and several male members of the Howell family. [Appellant] ran away from the cookout.

Several minutes later, [Appellant] returned to the party. He instigated another fight with the male Howell family members. During the course of the fight, [Appellant] pulled a silver gun from his waist area and fired once, striking Daywone Howell in the leg. Daywone was taken to a local hospital and several hours later positively identified [Appellant] after being shown a photo array.

Trial Court Opinion, 4/22/16, at 2 (citations to notes of testimony and footnote omitted).

Appellant was convicted of the aforementioned firearms charges on October 28, 2014. On January 20, 2015, the trial court sentenced him to an aggregate 7½ to 15 years' incarceration.[2] Appellant filed a post-sentence motion for reconsideration of sentence on January 28, 2015, which the trial court denied on February 4, 2015. On February 17, 2015, Appellant filed this timely appeal.

Appellant presents two issues for our review:

1. Did the trial court err by overruling the objection of defense counsel to testimony from Charnea Howell [consisting of] hearsay statements asserting that Appellant Curtis Palmore shot the complainant?

---

[2] Appellant's sentence consists of 5 to 10 years' incarceration for prohibited possession of a firearm, a consecutive 2½ to 5 years' incarceration for carrying a firearm in public in Philadelphia, and a concurrent 3½ to 7 years' incarceration for carrying a firearm without a license.

2. Was the evidence insufficient to support a conviction for firearm offenses?

Appellant's Brief at 3.

In his first issue, Appellant argues that he was prejudiced by the admission of the hearsay statement of Charnea Howell to Philadelphia Police Detective Francesco Campbell that she "heard gunshots and the people at the cook out said my cousin Daywone Howell was shot by [Appellant]." Appellant's Brief at 16, *citing* N.T., 10/23/14, at 57. Although this statement was contained in the written police report, and at trial Ms. Howell admitted to saying it to Detective Campbell, she contradicted herself and testified that the statement was not true, and specifically that it was "a lie." N.T., 10/23/14, at 57-58. Ms. Howell also stated that law enforcement "fabricated the statement." *Id.* at 61.

The trial court explained that it properly allowed Ms. Howell's hearsay statement for impeachment purposes, stating, "impeachment of a witness with a hearsay statement is not expressly barred by the Pennsylvania Rules of Evidence." Trial Court Opinion, 4/22/16, at 4. The trial court reiterated, "the use of this statement was solely for impeachment purposes which was proper under Pa.R.E. 613 and not being offered for its truth," and "the statement regarding what Ms. Howell heard from people at the cookout was not offered for its truth but solely to impeach the testimony of Ms. Howell." *Id.* at 5.

Our standard of review of a trial court's evidentiary rulings, including rulings on the admission of hearsay, is abuse of discretion. *Commonwealth v. Walter*, 93 A.3d 442, 449 (Pa. 2014). An abuse of discretion is not merely an error of judgment, but is the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. *Commonwealth v. Dent*, 837 A.2d 571, 577 (Pa. Super. 2003).

Pennsylvania Rule of Evidence 613(b) sets forth the requirements for using extrinsic evidence of a witness's prior inconsistent statement:

> **(b) Extrinsic Evidence of a Witness's Prior Inconsistent Statement.** Unless the interests of justice otherwise require, extrinsic evidence of a witness's prior inconsistent statement is admissible only if, during the examination of the witness,
>
> (1)  the statement, if written, is shown to, or if not written, its contents are disclosed to, the witness;
>
> (2)  the witness is given an opportunity to explain or deny the making of the statement; and
>
> (3)  an adverse party is given an opportunity to question the witness.

Pa.R.E. 613(b).

Referencing Rule 613(b), this Court has concluded that hearsay testimony in which the witness related a prior inconsistent statement was property admitted for purposes of impeachment. *Commonwealth v. Charleston*, 16 A.3d 505, 527 (Pa. Super. 2011), *abrogated on other grounds by In re L.J.*, 79 A.3d 1073 (Pa. 2013). In *Charleston*, we found

- 4 -

no abuse of discretion by the trial court in permitting hearsay testimony from the victim's mother in a murder prosecution, where the mother testified that a witness/neighbor had told her that prior to the murder the defendant had told the witness/neighbor that he intended to rob the murder victim, but later denied the statement. We determined that the statement to the victim's mother was admissible because the hearsay testimony was not admitted for the truth of the matter asserted, but to impeach the witness/neighbor who denied that the defendant made the statement to her. *Id.* Explaining that the mother's testimony qualified as extrinsic evidence of a prior inconsistent statement, we said:

> Upon review, we conclude the court did not abuse its discretion in admitting the evidence under Rule 613(b). Subsection one of the rule was complied with because the Commonwealth disclosed to [the witness/neighbor] the contents of her statement to [the mother]. The Commonwealth also complied with subsection two because it asked [the witness/neighbor] if she made the statement and she denied making it. Finally, subsection three was satisfied, as the defense was given an opportunity to question [the witness/neighbor]. Therefore, [the mother's] testimony in which she relayed [the witness/neighbor's] prior inconsistent statement was property admitted for purposes of impeachment.

16 A.3d at 527.

Similarly, in this case, we conclude the trial court did not abuse its discretion in admitting the hearsay statement of Charnea Howell because the written statement to Detective Campbell was disclosed to Ms. Howell, Ms. Howell was given an opportunity to explain or deny the statement, and

Appellant had the opportunity – and did in fact – question Ms. Howell on cross-examination. *See* N.T., 10/23/14, at 97-120; 131-133.

Appellant asserts that "the importance of the hearsay testimony cannot be underestimated [because] there was never any trial testimony which identified Appellant as the shooter. Only prior statements supported the case of the Commonwealth." Appellant's Brief at 23. This is not true. Although Jamar Howell and Daywone Howell also recanted at trial the statements they had made to police, Nadirah Howell, who initially testified at trial that she had not seen the shooting, conceded – after being questioned about her statements to police – that Appellant was the shooter. *See*, N.T., 10/24/14, at 148 ("I didn't see anything"); 170 ("How am I supposed to remember something that happened two years ago?"); 184-185 ("**Q**: Ma'am, what did you see the defendant do when he got close to Daywone? **A**: I didn't see him shoot Daywone. He just shot"); 186-187 ("**Q**: You saw this shooting Ma'am? **A**: Yes"); 188 ("**Q**: Is [your statement to police identifying Appellant as the shooter] accurate? Is it true Ma'am? **A**: Yes. Um, but I never knew his name").

Further, the Commonwealth presented testimony of Philadelphia police officers who testified to initial eyewitness identifications by the witnesses who later recanted their statements. Lieutenant Cumberton Marshmond testified that Charnea Howell identified Appellant as the shooter. N.T., 10/24/14, at 267-285. Detective Carl Valentine testified that Jamar Howell identified Appellant as the shooter. N.T., 10/24/14, at 15-36. Detective

James Horn testified that Daywone Howell – the victim – identified Appellant as the shooter. N.T., 10/23/14, at 37-42. Given the context of the entire record, we find no merit to Appellant's first issue regarding the admission of Charnea Howell's hearsay statement.

In his second issue, Appellant assails the sufficiency of the evidence supporting his convictions. We recently reiterated our established standard of review for sufficiency claims as follows:

> When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. In addition, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented.

*Commonwealth v. Smith*, 146 A.3d 257, 261–62 (Pa. Super. 2016) (internal citations and quotation marks omitted).

Appellant's sufficiency argument fails. Within his brief at pages 19-20 and 24-25, Appellant generally asserts that the evidence was insufficient to support his firearms convictions because "the testimony at trial was consistent with no identification of Appellant" and "the factfinder could not have reasonably determined from the evidence adduced that all of the necessary elements of firearm offenses were established . . . particularly

where [Appellant] was found not guilty of aggravated assault, simple assault and possession of an instrument of a crime." Appellant's Brief at 19, 24. Neither of Appellant's assertions is accurate.

First, and as discussed above, there **was** trial testimony that Appellant used a firearm. In addition, we note that the Commonwealth *nolle prossed* the simple assault charge, so that Appellant's representation that he was acquitted of that charge is not accurate. ***See*** Trial Court Opinion, 4/22/16, at 3, n5. The jury's acquittal of Appellant on the charges of aggravated assault and possessing an instrument of crime does not mean that Appellant could not be convicted of the firearms offenses. ***See Commonwealth v. Moore***, 103 A.3d 1240, 1246 (Pa. 2014) (recognizing the Pennsylvania "line of cases which overwhelmingly permit inconsistent verdicts in a variety of contexts,").[3]

With regard to the elements of Appellant's three firearms convictions, the statutes read:

> **§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**
>
> **(a) Offense defined.--** 1) A person who has been convicted of an offense enumerated in subsection (b), within or

---

[3] In ***Moore***, the Supreme Court held that the defendant's conviction for possession of an instrument of crime could be sustained even though the defendant had been acquitted of related offenses involving the use of that instrument of crime, and that, although the defendant's murder and attempted murder acquittals "might be logically inconsistent with" his PIC conviction, "in light of our enduring acceptance of inconsistent verdicts in Pennsylvania, we conclude that the acquittals are not grounds for reversal." 103 A.3d at 1250.

without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth. . . .

**(b)** **Enumerated offenses.--**The following offenses shall apply to subsection (a):
. . .
Section 2502 (relating to murder).

**§ 6106. Firearms not to be carried without a license**

**(a) Offense defined.--**

. . . any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

**§ 6108. Carrying firearms on public streets or public property in Philadelphia**

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) such person is licensed to carry a firearm; or

(2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S. §§ 6105, 6106 and 6108.

The trial court correctly observed that under Section 6105, Appellant's prior murder conviction prohibited him from carrying a firearm. Trial Court

Opinion, 4/22/16, at 6.[4]  The trial court stated, "both counsel stipulated that [Appellant] has a prior conviction for murder from April 7, 1995.  Therefore, both elements of the charge of 18 Pa.C.S. § 6105 were established beyond a reasonable doubt." *Id.* at 6-7.

Relative to carrying a firearm without a license under Section 6106, the Commonwealth introduced into evidence at trial a certificate of non-licensure to which defense counsel agreed.  N.T., 10/28/14, at 30-31; Exhibit C-40.  The prosecutor explained to the jury that "this document indicates that [Appellant] does not have a license to carry a firearm in the Commonwealth of Pennsylvania.  Doesn't have a license or a sportsman firearm permit.  That is what the document says."  When the prosecutor asked to move the exhibit into evidence, Appellant's counsel responded "[t]here is no objection."  N.T., 10/28/14, at 31.

Finally, it follows that the evidence was sufficient to convict Appellant of illegally carrying a firearm in Philadelphia, under Section 6108, where Appellant was found to have possessed a firearm without a license and without any statutory exemption in the City of Philadelphia.

Based on the foregoing, we find no merit to Appellant's sufficiency claim.  We therefore affirm the judgment of sentence.

---

[4] The trial court also explained that "[s]ince an element of [possession of a firearm by a prohibited person] is that [Appellant] has a murder conviction, this charge was bifurcated from the initial jury trial so as to not prejudice [Appellant].  Following the jury trial [Appellant] elected to waive his right to a jury trial on this charge [and the conviction was rendered by the trial court]." Trial Court Opinion, 4/22/16, at 6.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2017